UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
OCT 24 2013
Clerk, U.S. District and
Bankruptcy Courts

Anthony Brodzki, )
)
    Plaintiff, )
)
v. ) Civil Action No. 13-1630
)
United States of America, )
)
    Defendant. )
)

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff sues the United States for alleged horrendous events dating back to 1968 when he was seven years old. *See* Compl. at 2. Plaintiff's narrative is lengthy and wide-ranging but he appears to fault the Federal Bureau of Investigation ("FBI") for not acting on his telephone calls and for violating his constitutional rights. *See* Compl at 6. Plaintiff seeks $1 billion in damages. *Id.*

The FBI's decision to investigate criminal activity is a discretionary act that is not subject to judicial review. *See Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 81 (D.D.C. 2010) (citing cases); *Martinez v. U.S.*, 587 F. Supp. 2d 245, 248-49 (D.D.C. 2008) (same). Furthermore, a claim for monetary damages against the United States (or a U.S. agency or

1

agency component) is cognizable for certain misconduct under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*. Such a claim is maintainable, however, only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Plaintiff has not indicated that he exhausted his administrative remedies under the FTCA. Therefore, this case will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: October 3, 2013